IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RHONDA G. ESTEP,

        Plaintiff,        Case No. 3:11-cv-076

vs.        Judge Thomas M. Rose

MICHAEL J. ASTRUE,        Magistrate Judge Michael R. Merz
Commissioner of Social Security,

        Defendant.

---

**ENTRY AND ORDER OVERRULING ESTEP'S OBJECTIONS (Doc. #14) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. 13) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S DECISION THAT ESTEP WAS NOT ENTITLED TO SOCIAL SECURITY DISABILITY BENEFITS THROUGH SEPTEMBER 30, 2005 AND TERMINATING THIS CASE**

---

    Plaintiff Rhonda G. Estep ("Estep") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Social Security disability benefits. On October 31, 2011, United States Magistrate Judge Michael R. Merz entered a Report and Recommendations (doc. #13) recommending that the Commissioner's Decision be affirmed. Estep subsequently filed Objections (doc. #14) and the Commissioner responded to Estep's Objections (doc. #15). This matter is, therefore, ripe for decision.

    Estep filed an application for disability insurance benefits ("SSD") on June 30, 2005, alleging disability from January 1, 2001. The Commissioner denied Estep's application initially

1

and on reconsideration. Administrative Law Judge ("ALJ") Daniel Shell held a hearing following which ALJ David Redmond held a hearing. ALJ Redmond subsequently determined that Estep was not disabled through September 30, 2005. The Appeals Council denied Estep's request for review and ALJ Redmond's decision became the Commissioner's final decision. Estep then appealed to this Court pursuant to pursuant to 42 U.S.C. § 405(g).

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #13) and in Estep's Objections (doc. #14) and the Commissioner's Response (doc. #15), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety. In so doing, this Court affirms the Commissioner's decision that Estep was not disabled and, therefore, not entitled to SSD benefits through September 30, 2005.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a

matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is supported by substantial evidence and the ALJ has applied the correct legal criteria. WHEREFORE, based upon the aforesaid, Estep's Objections to the Magistrate Judge's Report and Recommendations (doc. #14) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #13) in its entirety. The Commissioner's decision that Estep was not disabled and, therefore, not entitled to benefits under the Social Security Act through September 30, 2005 is AFFIRMED. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirtieth Day of November, 2011.

.                                                                     **s/Thomas M. Rose**
                                                                    _____
                                                                    JUDGE THOMAS M. ROSE
                                                                    UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record